Jones, J.
I concur in reversing the judgment in this case, but on different grounds from those taken by my associates.
*21 The provisions contained in the document signed by Dennis, dated November 25, 1856, formed the consideration for the transfer of the one quarter of the patent on that date assigned by Carmi Hart to Dennis. In other words, those provisions were the mode in which Hart was to receive payment, or an equivalent, for the one quarter interest which he on November 25, 1856, transferred to Dennis.
This equivalent, as I read the document of November 25, was that Hart should have the right to put his remaining quarter (he having disposed of the other three quarters) into a stock company which Dennis and White were endeavoring to organize on the basis of a capital of $200,000, and to receive therefor one quarter of so much of the stock of said company as was contemplated to be appropriated for the purchase of the patent; or if it should be found impossible to organize that contemplated stock company, then that Dennis should use his influence and exertions for the formation of a stock company in which his interest hi the patent should be incorporated as part of the capital stock, and that Hart should have the right to put in said company his remaining quarter and receive therefor so much of the stock as should be represented thereby, free from all assessment, charge, or expenses arising out of the formation and organizing such company, or the incorporation thereof; and that after the formation of either of such companies, Dennis should use his influence and exertions to the best of his power towards having a new and complete machine built and put in .operation sufficiently large and powerful to cut veneers, such as might be required to suit the market.
In short, Hart was to receive for this one quarter a right to bring his remaining quarter into a contemplated company; or if that should fall through, a right to the services of Dennis in forming another company, and a right to bring his remaining one quarter into that company, together with a right, after the formation of either of such companies, to the influence and exertions of Dennis towards the building of a machine for the purpose of the business.
On the other hand, Dennis, for giving to Hart the said rights *22 and services, received the one quarter interest assigned to him on November 25.
It may have been foolish and improvident in Hart to part with the one quarter interest on such terms. With that, however, we now have no concern.
This action is based on that agreement, and seeks to enforce a liability claimed to have arisen thereunder.
The questions, therefore, are whether Dennis has performed what he undertook to perform, as a consideration for the assignment, or, if' not, was his performance before breach by him rendered impossible by the act of Haft or those claiming under him?
If he has performed, or if his performance has been so rendered impossible by the plaintiff, then there is no liability resting on him under the contract.
The proof shows that it was found impossible to form a company with a capital of §200,000, as contemplated by the agreement between Dennis and White—that project was therefore abandoned; that Dennis subsequently succeeded in perfecting arrangements for the formation of a company on the basis of §100,000 capital; that thereupon application was made to Hart to put in his remaining one quarter; this he refused to do, and thereupon the 'company was organized on a basis of a capital of §100,000, to be paid in as -follows: §55,000 by three quarters of the patent held by parties other than the plaintiff, and §45,000 by other property. The whole of the stock was accordingly issued in payment of such three quarters and of such other property.
Thus, then, Dennis has performed all that he was bound to as the consideration for the one quarter assigned to him, except so far as performance has been rendered impossible by Hart’s own act.
Hpon the falling throug-h of the project for a company with a capital of $200,000, he rendered his services and used his best endeavors towards the formation of another company, and was successful. This was all he was bound to do, unless Hart saw fit to put in his remaining quarter. If Hart saw fit so to do, then he was to receive as much stock as was represented by that quarter, and also the exertions and influence of Dennis in the procuring the building of a large machine for working purposes.
*23 If, however, Hart did not see fit to put in his remaining quarter, he in that event was not entitled to receive any stock or the benefit of any exertion of Dennis towards building the large machine for working purposes.
How, Hart refused to put his remaining one quarter in the $100,000 company, and this, although he was told that if he did, it would be necessary to form-a company, leaving out his one quarter. Conceding that Hart had a locus penitentim, still it could only extend up to the time of the organization of a company without his one quarter, for after the organization of such a company it would be impossible to bring in his one quarter and issue stock therefor.
Hart then exercised his option not to come into the company, and did not repent of such exercise until after it had become impossible to take him in and issue stock to him for his one quarter. That being the case, he cannot now recall his refusal, on the faith of which the parties have acted, and consequently defendant is under no liability to him by reason of that portion of the agreement of Hovember 25,1856, which provides for the issuing of stock to Hart and for the exertions of Dennis in building a large machine for working purposes.
It is stated above that Dennis has performed that part of the agreement whereby he was to form a company in which his interest in the letters patent should be incorporated as part of the capital stock.
It is, however, claimed by the plaintiff that that part of the contract has not been performed; that Dennis, by the organization of the company of $100,000, has put it out of his power to perform that part, and therefore a liability has arisen against him on the contract. If these two propositions are correct, then I think there would be a liability for the value of the one quarter assigned to Dennis by assignment of Hovember 25,1856.
Plaintiff claims that Dennis has not performed the contract to organize a company, because,
First—He was to build a large machine to be used in the promotion of the formation of such company, which he did not do.
*24 Second—Because the company contemplated was to have a capital of $200,000.
Third—Because it was to have the same property as the company contemplated by the agreement between Dennis and White, and the company formed did not have the same property.
1. This machine was not intended for working purposes; a subsequent provision is made for a machine for that purpose. There is no provision that this machine was to be brought into the company after it was formed as part of the property thereof. It was simply intended as a machine for exhibition, in order to induce persons to enter into the formation of a company.
Such was its sole design. If that design could be accomplished without the aid of such a machine, the construction of it might well be dispensed with. It was only an incident leading to the accomplishment of a principal object. The principal object having been accomplished without the aid of the incident, no liability arises for the non-performance of the incident.
2. The agreement makes no provision as to the amount of capital on which the company should be formed. Mor do I perceive any thing which indicates it to have been the intention that it should be formed on a capital of not less than $200,000. Indeed, the impossibility of forming one on a $200,000 basis seems to have been in view of the parties, and provision was therefore made for such a contingency.
3. This objection is based on the ground that there was not transferred to the $100,000 company certain property formerly of the Bridgeport Veneer Company, which it is alleged was to form a part of the $200,000 company referred to in the agreement between Dennis and White.
It is not found as a fact that this property did not go into the company of $100,000; and there is evidence to the effect that it did.
It is unnecessary, therefore, to consider what effect the non putting in of this property would have. Whatever effect it has must depend on the construction of the unsigned paper supplementary to the agreement of Movember 25, 1856.
Judgment reversed, and order of reference vacated; new trial ordered, with costs to appellant to abide the event.